*J. W. Evans*, for appellant.

---

## VANAUKIN v WHITSELL's Administrator.

AFFIDAVIT FOR CONTINUANCE.—The death of the plaintiff in a cause having been suggested, leave was granted to substitute the proper personal representative. At a subsequent term, the administrator was substituted, and the defendant moved, upon affidavit, for a continuance, on account of an absent witness. The affidavit, which was otherwise sufficient, was held not to be bad for not showing an excuse for not taking the deposition in vacation, as there had been no plaintiff substituted until the term began.

APPEAL from the *Steuben* Circuit Court.

RAY, J.—A complaint in two paragraphs was filed by *Louisa Whitsell* before a justice of the peace. The first paragraph charges the appellant with wrongfully taking certain personal property belonging to her and converting the same to his own use. The second paragraph was for the sale and delivery of the same property, for a price stated, and alleged a failure to pay. Judgment was rendered for

the plaintiff. The appellant appealed to the Circuit Court. In that court the death of the plaintiff was suggested, and leave granted "to substitute suitable personal representation." No action was taken, however, and at a subsequent term the appellant moved to dismiss the cause, but the court overruled the motion, and then permitted the name of the appellee, as administrator of the deceased, to be inserted in a new complaint, in one paragraph, for goods sold and delivered. Thereupon the appellant filed an affidavit, and moved for a continuance, in order to take the deposition of a witness residing out of the State. The facts to be proved by the witness were material, and the only ground suggested for the refusal is that the deposition might have been taken before the court met. As, however, previous to the term of the court when the continuance was asked, no action had been taken by the attorneys to substitute the appellee as a party under the general leave granted by the court, the appellant was in no default, and the continuance should have been granted.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*D. E. Palmer*, for appellant.

*J. A. Woodhull* and *W. G. Croxton*, for appellee.